UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JONATHAN SILVER,

            Plaintiff,

    -against-

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

            Defendant.
--------------------------------------------------------X

MEMORANDUM
AND ORDER
25 CV 1823 (RML)

LEVY, United States Magistrate Judge:

This case is before me on consent of the parties, pursuant to 28 U.S.C. § 636.

(See Consent to Magistrate Judge Jurisdiction, dated Apr. 28, 2025, Dkt. No. 7.)  Defendant has

moved to dismiss the complaint for failure to state a claim.  For the reasons stated below, the

motion is granted.

## BACKGROUND AND FACTS[1]

Plaintiff *pro se* Jonathan Silver ("plaintiff" or "Silver") is an attorney residing in

New York and a policyholder of defendant State Farm Mutual Automobile Insurance Company

("defendant" or "State Farm").  (Notice of Removal, filed Apr. 2, 2025 ("Removal Not."), Dkt.

No. 1, ¶ 16.)  Defendant is an insurance company incorporated under the Illinois Insurance Code,

215 ILCS art. III §§ 5/36–5/60, and headquartered in Bloomington, Illinois.  (Id. ¶ 17;

Complaint, filed Jan. 31, 2025 ("Compl."), Dkt. No. 1-4, Ex. I.)  In 2020, State Farm distributed

a $2 billion dividend to its policyholders, including New York policyholders like plaintiff.

(Compl. ¶¶ 1a, 1e.)

---

[1]  In evaluating a motion to dismiss for failure to state a claim upon which relief can be granted, the court accepts as true all facts alleged in the complaint.  See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007).

In June 2020, shortly after receiving his share of the dividend, plaintiff began sending defendant letters requesting various documents and information.  (Id. ¶¶ 42–60, Exs. F, H, J, L, N, P, R, T, V, X.)  Among other things, plaintiff requested (i) records of all dividend payments to policyholders since defendant's formation; (ii) documents reflecting all votes cast in defendant's director elections since 2019, (iii) documents concerning the selection of all members of defendant's executive committee since 2019, and (iv) records reflecting all payments made to or on behalf of any director since 2015.  (Id.)   Plaintiff also requested that defendant provide "[p]roof that [sic] the requisite certificates of nomination for all elections since 2021" (id. ¶ 32), and "information concerning the manner and method by which the 'dividends' . . . were computed" (id. ¶ 59).  Plaintiff sent defendant at least ten letters over five years.  (Compl., Exs. F, H, J, L, N, P, R, T, V, X.)

Defendant responded that although plaintiff "ha[d] not explained why [he] want[ed] the information, set out a purpose for requesting it, or provided a basis on which [he] would be entitled to receive it," defendant nonetheless would provide some of the information requested, such as the company's articles of incorporation, bylaws, annual reports, and proxy forms for 2019 and 2020, and directed plaintiff to its website.  (Compl. ¶ 43, Ex. G; see also id., Exs. I, K, M.)  In other letters, defendant provided plaintiff with a form reflecting the type of biographical information requested from candidates for election to the board, as well as narrative responses to plaintiff's questions regarding the director election process.  (Id., Exs. M, O, S, W, Y.)  Defendant repeatedly stated that all other information and documents sought by plaintiff were "of a confidential and proprietary nature."  (Id., Exs. G, Q, S, U, W.)  Defendant further informed plaintiff that his "rights as a policyholder of [defendant] . . . are set out in Illinois' domestic mutual insurance company statute, [215 ILCS art. III, §§ 5/36–5/60], [defendant's]

Bylaws, and [his] policies with the company," and that defendant's responses to plaintiff's letter requests were "consistent with this framework." (Id., Exs. I, W.)

On January 31, 2025, plaintiff initiated this action by filing a complaint in the Supreme Court of New York, Queens County for "a declaratory judgment setting forth the rights and liabilities of the parties in connection with . . . plaintiff's multiple requests . . . [for] information concerning . . . various elections to [defendant's] board of directors . . . [and] the 2020 dividend." (Compl. ¶ 1a.) Specifically, plaintiff requests the issuance of a declaratory judgment (i) "[d]eclaring defendant provide to plaintiff the information and documents set forth in paragraph 32 [of the complaint] now and as requested in the future,"[2] (ii) "[d]eclaring that defendant is to provide to plaintiff information and documents concerning the 2020 dividend that would evidence the methods and procedures that were used, the factors that were considered, how those factors were used, what formula was used and/or what computations were made in deciding which policyholders would receive a dividend as well as in deciding how much was to be paid to each policyholder," and (iii) "[d]eclaring the elections conducted since 2021 to be null and void so long as there is no proof provided offered [sic] to establish that any candidate was duly nominated, placed on the ballot or elected." (Id. at 31.)

---

[2] Paragraph 32 of the complaint states:

> To plan for the election of someone other than the board's chosen candidate, it is reasonable and necessary to know . . . [h]ow many people have been voting in elections since 2021 . . . [h]ow many policyholders there are as of December 31 of any prior year broken down by states . . . [h]ow may [sic] nomination certificates are needed, from which states in what numbers . . . [p]roof that [sic] the requisite certificates of nomination for all elections since 2021 . . . [and] [h]ow many votes were made in person as well as by proxy[.]

(Compl. ¶ 32.)

Defendant removed the case to the Eastern District of New York pursuant to the court's diversity jurisdiction.  (See generally Removal Not.)  On June 26, 2025, defendant filed the instant motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and requested oral argument.  (Motion to Dismiss, dated June 26, 2025, Dkt. No. 13; Memorandum of Law in Support of Motion to Dismiss, dated June 26, 2025 ("Def.'s Mem."), Dkt. No. 14.)  Defendant argues that Rule 12(b)(6) requires dismissal because plaintiff "has no right to obtain the internal documents demanded or seek invalidation of director elections as a matter of law" and plaintiff therefore lacks a "substantive claim of right to the declaratory relief he seeks . . . ."  (Def.'s Mem. at 7.)  In opposition plaintiff states *inter alia* that he "filed this action to find out from [defendant] how and by what method it decided the amount of the Covid dividend that he was issued," and that "[t]he dividend information requested will simply inform him what he could expect if he remains a policyholder . . . ."  (Memorandum of Law in Opposition to Motion to Dismiss, dated Sept. 5, 2025, Dkt. No. 16, at 3.)  Plaintiff also states that he brought this action because he "is considering a run to be elected to the board of directors . . . and it would be helpful to know how votes were submitted by how many policyholders in past elections for the board's chosen ones."  (Id. at 4–5.)

The court held oral argument on November 12, 2025.  (Minute Entry, dated Nov. 12, 2025.)  Plaintiff was granted fourteen-days' leave to show that a policyholder has a right to sue a mutual insurance company for allegedly violating his right to inspect corporate records regarding dividend payments and director elections.  (Transcript of Oral Argument, held Nov. 12, 2024 ("Tr."), Dkt. No. 19, at 30:9–33:20.)  In a timely filed supplemental memorandum, plaintiff withdrew his demand for "information and documents concerning the 2020 dividend," and argued for the first time that an "implied" private right of action under the Illinois Insurance

Code entitles him "to have State Farm present proof that a nominee [to the board of directors] has met the requirements of certification . . . and, upon State Farm failing that, declaring the election to [*sic*] those individuals to be null and void."  (Plaintiff's Supplemental Memorandum, dated Nov. 26, 2025 ("Pl.'s Suppl."), Dkt. No. 21, at 4–5.)

### STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Sacerdote v. New York Univ., 9 F.4th 95, 106 (2d Cir. 2021) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "In assessing the complaint, [the court] must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiff['s] favor."  Id. at 106–07.  But the court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'"  Id. at 107 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  The court may consider "documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  DiFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010).

### DISCUSSION

Plaintiff brings this action for a declaratory judgment that, as a policyholder, he is entitled to inspect corporate records regarding the payment of dividends and director elections and to seek conditional invalidation of the latter.  The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  "It is well established, however, that the Declaratory Judgment Act does not provide an independent cause of action."

5

Garcia v. Nat'l Contractors Ins. Co., No. 15 CV 1332, 2015 WL 7016968, at *1 (E.D.N.Y. Nov. 12, 2015) (citing In re Joint E. & S. Dist. Asbestos Litig., 14 F.3d 726, 731 (2d Cir. 1993)); see also Deutsche Bank Nat'l Tr. Co. v. Stewart Title Ins. Co., 717 F. Supp. 3d 342, 349 (S.D.N.Y. 2024) ("The Declaratory Judgment Act is 'procedural only,' . . . and the party invoking it must still point to a separate legal right it is seeking to vindicate."). Thus, to survive a motion to dismiss, plaintiff must assert a "substantive claim of right" to the declaratory relief he seeks. Garcia, 2015 WL 7016968, at *1. Because plaintiff has no express or implied right to inspect the documents and records demanded or seek invalidation of defendant's director elections, the complaint must be dismissed for failure to state a claim.[3]

Under Illinois law, which governs as defendant's state of incorporation,[4] "the rights and interests of policyholders in the assets of a mutual . . . insurance company are contractual in nature and are measured by their policies and by the statutes, charter and by-laws, if any, which comprise the terms of their contracts." Lubin v. Equitable Life Assur. Soc. of U.S., 61 N.E.2d 753, 756 (Ill. App. Ct. 1945). Nothing in Illinois statutory law, defendant's charter or bylaws, or the insurance policy itself gives plaintiff a right to examine defendant's records or seek removal of defendant's directors.

---

[3] Although plaintiff proceeds *pro se*, his complaint is held to the same standards as pleadings drafted by lawyers. See Bazadier v. McAlary, 464 F. App'x 11, 12 (2d Cir. 2012) ("Where . . . an attorney is proceeding *pro se*, . . . his pleadings are not entitled to the special consideration which the courts customarily grant to pro se parties." (internal quotation marks and citations omitted)).

[4] The court must follow New York's choice of law principles to determine the governing law. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). "New York applies the internal affairs doctrine in litigation implicating internal corporate rights and relationships." Ezrasons, Inc. v. Rudd, 44 N.Y.3d 532, 537 (N.Y. 2025). Under that doctrine, the court applies the substantive law of a company's place of incorporation to claims arising from its internal affairs. Eccles v. Shamrock Cap. Advisors, LLC, 245 N.E.3d 1110, 1123 (N.Y. 2024). Defendant is a mutual insurance company incorporated in Illinois. (Compl., Ex. I.) Accordingly, Illinois law governs.

6

Plaintiff is not a stockholder of a corporation but rather a policyholder of an Illinois-domiciled mutual insurance company. (See Compl. ¶ 1v ("For this defendant there are no stockholders, only policyholders.").) The Illinois Business Corporation Act provides stockholders of Illinois corporations with "the right to examine . . . the corporation's books and records . . . for a proper purpose." 805 ILCS § 5/7.75(b). Excluded from the statute's scope, however, are companies, like State Farm, organized "for the purpose of . . . insurance." 805 ILCS § 5/3.05; see also Prudential Ins. Co. of Am. v. Richman, 11 N.E.2d 126, 130 (Ill. App. Ct. 1937) (holding that insurance companies are excluded from the operations of the Illinois Business Corporation Act). Insurance companies are governed by the Illinois Insurance Code, which contains no language granting policyholders a right to examine a mutual insurance company's books and records. See 215 ILCS art. III §§ 5/36–5/60.

The Illinois Insurance Code delegates the regulation and supervision of insurance companies to the Illinois Department of Insurance. See 215 ILCS art. XXIV §§ 5/401–407.2; Hopman v. State Farm Mut. Auto. Ins. Co., 2024 Ill. App. (2d) 230423-U, ¶ 15 ("[T]he Insurance Rules and the Insurance Code vest the Illinois Department of Insurance with the task of regulating the actions of insurance companies."), appeal denied, 244 N.E.3d 236 (Ill. 2024). Indeed, the Illinois legislature "expressly empowered" the Department of Insurance to defend policyholder interests. Bernacchi v. First Chicago Ins. Co., 52 F.4th 324, 331 (7th Cir. 2022); see also Hopman, 2024 IL App (2d) 230423-U, at ¶ 15 ("[T]he department can investigate violations of its rules and regulations, hold hearings, and impose penalties on those it finds in violation." (citation and internal quotation marks omitted)); CAT Express, Inc. v. Muriel, 148 N.E.3d 726, 732–33 (Ill. App. Ct. 2019) ("The Director's express authority under the Insurance Code is extensive and includes . . . examining insurance companies . . . ."). Because "[t]he

7

enforcement of the insurance rules was clearly delegated to the Department of Insurance, . . . a plaintiff cannot plead or pursue a private cause of action" under the Illinois Insurance Code. Weis v. State Farm Mut. Auto. Ins. Co., 776 N.E.2d 309, 311 (Ill. App. Ct. 2002).  Absent a statutory right or private cause of action, plaintiff must identify an inspection right in defendant's bylaws or insurance policies.  Plaintiff fails to do so.

After oral argument plaintiff filed a supplemental brief in which he argued for the first time that the court should find an "implied" cause of action under the Illinois Insurance Code, entitling him to a declaratory judgment requiring defendant to produce documents concerning its director elections and, depending on what those documents show, invalidating defendant's director elections since 2021.  (Pl.'s Suppl. at 4–5.)  This argument is without merit. Although Illinois courts sometimes recognize an implied private right of action to enforce an Illinois statute where relevant circumstances demonstrate legislative intent to create such a right, Metzger v. DaRosa, 805 N.E.2d 1165, 1168 (Ill. 2004), that principle is inapplicable here.  As plaintiff himself articulates,[5] no Illinois statute gives policyholders any statutory rights with respect to the conduct of director elections.  (See Pl.'s Suppl. at 2.)  Because plaintiff lacks a statutory right with respect to director elections, there can be no right to enforce it through the inspection of documents.  In other words, plaintiff has no underlying statutory right from which any private right of action to enforce such a right could be implied.  Because plaintiff cannot state a claim for the declaratory relief he seeks, his complaint must be dismissed.

---

[5] "Simply put, in Illinois no law, rule or regulation can be found pertaining to how and by what means a domestic mutual insurance company such as State Farm must conduct its nomination process for election of members to its Board of Directors.  The method and manner by which State Farm conducts its nomination process is solely defined in its by-laws." (See Pl.'s Suppl. at 2.)

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss for failure to state a claim is granted.  The Clerk of the Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

_Robert M. Levy_
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
          March 31, 2026